The opinion of the Court was delivered by

Mr. Justice Huger.
A very slight interference with an estate will make a stranger an executor de son tort. (Toller’s Law of Executors.) It is important to those who have business to transact with 041 estate. *7 fb know who is authorized to act for it, without the necessity of resorting to the Ordinary’s office. He who does that which the executor alone is authorized to perform, holds himself out as executor, and has no right to complain that he is so regarded^ Dor would it he just to permit him to throw offhis assumed character at pleasure, (12 Mo. 471. 2 Black. Com. 507.J Besides, an executor may, before probate, perform every act which is incidental to the office. (Toiler’s Law of Executors, 45.j .A stranger therefore, who sees one acting as executor, may fairly presume that there is a will, in which he is appointed executor,. A stranger is not hound to enquire into an executor’s title; if there be an appearance of it, it is sufficient. In the case before the court, the widow had been in possession of the plantation for months before the defendant got the corn: he and all the world had a right to regard her as an executrix; and if there has been no will, and no administration has been granted,.she is executrix (le son tort. There is no evidence that the defendant knew she was not executrix. All that has been shewn is, that he knew what every one in the neighborhood must have known, that the plantation on which she lived, had been her husband’s and was a part of his estate. And had he known she was not executrix, as there is no evidence of,his having been instrumental in causing her to assume that character originally, he cannot be regarded as a co-executor.
. The motion is refused. —
Johnson, JYoit, Richardson, Col-cock, Justices .concurred-